UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
CASTLERIGG MASTER INVESTMENTS     :
LTD.,
                                  :
          Plaintiff,              :   07 CIV 9742
                                      No. _____
     -against-                    :   COMPLAINT

CHARYS HOLDING COMPANY, INC.,     :

          Defendant.              :
------------------------------------------------ X

JUDGE LYNCH
MWE OFFICE COPY

RECEIVED NOV 0 2 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs Castlerigg Master Investments Ltd. ("Castlerigg" or "Plaintiff"), by and through its undersigned attorneys, McDermott Will & Emery LLP, allege the following as and for its Complaint against Charys Holding Company, Inc. ("Charys" or "Defendant") as follows:

## NATURE OF THE CASE

1.  This is an action for breach of contract. In May of 2006, Castlerigg invested $2,820,000 in Charys in exchange for 300 shares of a new series of convertible preferred stock of Charys, designated as Series D Cumulative Preferred Stock (the "Preferred Shares") and a warrant to purchase 1,000,000 shares of Charys common stock. After the close of the transaction, Charys failed to fulfill all of its contractual obligations.

2.  In April of 2007, Castlerigg agreed to exchange its Preferred Shares for a subordinated unsecured convertible note with a principal value of $5,012,426 (the "Note").

3.  The Note provided that Charys would make certain installment payments to Castlerigg on May 15, 2007, July 1, 2007 and on every first of the month, thereafter, until May 1, 2008.

4. On September 1, 2007 and October 1, 2007, Charys failed to make the required installment payments and has not made any installment payments since. Charys' failures to make these payments each qualified as an "Event of Default" under the Note.

5. Upon the expiration of thirty days after the occurrence of the first Event of Default on September 1, 2007, Castlerigg was entitled to a warrant for additional shares of Charys' common stock and to redeem the Note at a 120% premium. Upon the occurrence of the second Event of Default on October 1, 2007, Castlerigg was entitled to a second warrant for more shares of Charys' common stock.

6. Charys has not issued either warrant and, although Castlerigg sent Charys the required redemption notice, Charys has also failed to redeem the Note. Accordingly, Charys is in breach of contract.

## PARTIES

7. Plaintiff Castlerigg Master Investments Ltd. is a corporation organized under the laws of the British Virgin Islands with its principal place of business at c/o Citco Fund Services (Curaçao) N.V., Kaya Flamboyan 9, P.O. Box 812, Curaçao, Netherlands, Antilles.

8. Defendant Charys Holding Company, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 1117 Perimeter Center West, Suite N415, Atlanta, Georgia 30338.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a)(2).

10. The parties' contracts specifically provide that the parties irrevocably submit to the personal jurisdiction of the federal courts of the State of New York sitting in The City of New York, Borough of Manhattan.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) and agreement of the parties.

## FACTS

The Original Transaction

12.     Charys is a provider of national infrastructure program management and contracting services. For example, Charys is involved in building the infrastructure that supports wireless and fiber-optic technologies. Charys also provides technology services related to disaster response, restoration and reconstruction.

13.     In May of 2006, Charys entered into a transaction with Castlerigg and non-parties Gottbetter Capital Master, Ltd., Enable Growth Partners LP, Enable Opportunity Partners LP, Pierce Diversified Strategy Master Fund LLC and UBS O'Connor, LLC (collectively, the "Investors"), by which the Investors were granted shares of a new series of Series D Cumulative Preferred Stock and Warrants in exchange for cash that Charys could use for operational purposes.

14.     After the transaction closed, Charys failed to file a registration statement for the Preferred Shares as required by the Registration Rights Agreement executed as part of the deal.

15.     Rather than litigate Charys' breach of its obligations, certain of the Investors, including Castlerigg, agreed to exchange their Preferred Shares for unsecured subordinated convertible notes.

The Contracts at Issue

16.     On or about April 30, 2007, Charys, Castlerigg, Gottbetter Capital Master, Ltd. and UBS O'Connor LLC entered into a Securities Exchange Agreement ("SEA") whereby Castlerigg exchanged its Preferred Shares for the Note. A true and complete copy of the SEA, excluding the annexed exhibits, is attached hereto as Exhibit 1.

17.   Contemporaneous with the execution of the SEA, Castlerigg received an unsecured subordinated convertible note in the amount of $5,012,426. A true and complete copy of the Note is attached hereto as Exhibit 2.

18.   Under the terms of the Note, Castlerigg is defined as a "Holder" and Charys is defined as the "Company". (Note ¶ 1.)

19.   The Note further provided that, "[o]n each Installment Date, the Company shall pay to the Holder an amount equal to the Installment Amount due on such Installment Date." (Id.)

20.   The Installment Date is defined under paragraph 27(o) of the Note as "May 15, 2007 and the first calendar day of July 2007 and each subsequent calendar month through May 1, 2008, and any other Installment Date scheduled by the Holder in connection with a Deferral Amount pursuant to Section 8(b) hereof." Attached to the Note as Exhibit II is a schedule of the Installment Dates and the corresponding Installment Amount due and payable for each respective Installment Date.

Charys Breaches Its Contractual Obligations

21.   On September 1, 2007, Charys was obligated to make an installment payment on the Note in an amount of $435,708.04. Charys failed to make this payment.

22.   Charys' failure to make the September 1, 2007 installment payment qualifies as an "Event of Default" under paragraph 4(a)(v) of the Note and triggered certain of Castlerigg's rights under the Note.

23.   First, "[u]pon the occurrence and during the continuance of an Event of Default, the Interest Rate shall be increased to fifteen percent (15%)." (Note ¶ 2.)

24. Second, because of Charys' failure to make the required installment payment, Charys was required to issue a warrant to Castlerigg (the "First Warrant"). Specifically, Section 4(c) of the Note provides:

> Upon the first occurrence of a default under section 4(a)(v) of this Note, without regard to any cure period thereunder, and upon the expiration of each additional 30 day thereafter during which the Event of Default continues, in whole or in part (such late payment, the "Delinquent Payment Amount"), the Company shall issue a Warrant to the Holder... for such number of shares of Common Stock of the Company equal to the Delinquent Payment Amount at such time divided by the Conversion Price.

25. Charys did not issue the First Warrant to Castlerigg upon the expiration of thirty days after the first Event of Default on September 1, 2007.

26. Third, due to the first Event of Default, Castlerigg had the option to redeem the Note by delivering to the Company an "Event of Default Redemption Notice."

27. The Event of Default Redemption Notice must include an "Event of Default Redemption Price" that is calculated by using a formula defined in the Note. (Note ¶ 4(b).) Because the Event of Default was pursuant to paragraph 4(a)(v), the Event of Default Redemption Price includes a 120% premium. (Note ¶ 27(x).)

28. On September 28, 2007, Castlerigg sent Charys an Event of Default Redemption Notice requiring Charys to redeem the Note at the Event of Default Redemption Price of $4,937,244.00. A true and complete copy of the Event of Default Redemption Notice is attached hereto as Exhibit 3.

29. Charys has failed to redeem the Note.

30. Finally, Section 4(c) of the Note further provides that, upon the occurrence of a second Event of Default, Charys must issue another warrant to Castlerigg (the "Second Warrant"). Specifically, Section 4(c) of the Note provides:

> Upon the second occurrence of an Event of Default under section 4(a)(v) of this Note, without regard to any cure period thereunder, the Company shall issue a Warrant to the Holder for such number of shares of Common Stock of the Company equal to the outstanding principal balance of the Note at such time divided by the Conversion Price.

31. On October 1, 2007, Charys was obligated to make an installment payment on the Note in an amount of $432,745.68. Charys failed to make this payment.

32. Charys did not issue the Second Warrant to Castlerigg upon the occurrence of this second Event of Default.

33. In addition, in paragraph 8(k) of the SEA, Charys agreed to "defend, protect, and hold harmless [Castlerigg] ... from and against any and all actions, causes of action, suits, claims, losses, costs, penalties, fees, liabilities and damages, and expenses in connection therewith ... including reasonable attorneys' fees and disbursements ... incurred by [Castlerigg] as a result of, or arising out of or relating to ... (b) any breach of any covenant, agreement or obligation of the Company contained in the Transaction Documents ..." The Note is included in the definition of "Transaction Documents."

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

34. Castlerigg repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

35. Castlerigg and Charys are each parties to the SEA and the Note, which are each valid and binding agreements.

36. Castlerigg has substantially performed its obligations under the SEA and the Note and is ready, willing and able to perform each and every one of its remaining obligations under those agreements.

37. Charys has materially breached the SEA and the Note by failing to make installment payments that have been due and payable since September 1, 2007 and by failing to issue the Warrant to Castlerigg.

38. The parties further agreed that the only adequate remedy for a breach of this contract is the performance of the terms and conditions of this contract. Specifically, in Section 18 of the Note, Charys acknowledged "that a breach by it of its obligations hereunder will cause irreparable harm to the Holder and that the remedy at law for any such breach may be inadequate."

39. Moreover, in Section 4(c) of the Note, Castlerigg and Charys agreed:

> that it would be extremely difficult and impracticable under the presently known and anticipated facts and circumstances to ascertain and fix with precision the actual damages the Holder would incur should the Company delay in making timely payments hereunder, and accordingly, the Company and the Holder agree that a Warrant shall be issued as provided herein as liquidated damages for such delay, and not as a penalty. The Company and the Holder agree that the liquidated damages identified herein are not a penalty, but instead are a good faith and reasonable estimate of the damages and loss the Holder would suffer in the event the Company delays in making timely payments under this Note.

40. As such, Castlerigg has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Castlerigg respectfully prays this Court for judgment against Charys as follows:

A. Directing Charys (i) to redeem the Note at the Event of Default Redemption Price as of the date that the judgment is entered and (ii) to issue the warrants to which Castlerigg is entitled under Section 4(c) of the Note;

B. In the alternative, awarding Castlerigg compensatory damages for Charys' breach of its contractual obligations;

C.  Awarding Castlerigg all unpaid interest on the Note under the terms of the SEA and the Note, as well as all pre-judgment and post-judgment interest;

D.  Awarding Castlerigg reasonable attorneys' fees, interest and costs; and

E.  Granting Castlerigg such other and further relief as this Court may deem just and proper.

Dated: New York, New York.
November 2, 2007

Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

By: _____
Andrew B. Kratenstein (AK-3910)
Michael R. Huttenlocher (MH-1710)
340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400

*Attorneys for Plaintiff
Castlerigg Master Investments Ltd.*