UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CASTLERIGG MASTER INVESTMENTS, LTD., :     Civil Action No.:
                                                                          07-CV-09742 (GEL)(DCF)
              Plaintiff,                    :
                                                                          **ANSWER TO**
    -against-                                    :     **COMPLAINT**

CHARYS HOLDING COMPANY, INC.,          :

              Defendant.                 :
------------------------------------------------------------------X

      Defendant CHARYS HOLDING COMPANY, INC. (hereinafter referred to as "CHARYS") by and through its attorneys, Condon & Forsyth LLP, for its Answer to the Complaint, alleges upon information and belief:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 7 of the Complaint and refers all questions of law to the Court.

      2.    Admits the allegations in paragraph 8 of the Complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9 through 11 of the Complaint and refers all questions of law to the Court.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12 through 15 of the Complaint, except admits that CHARYS is a provider of infrastructure program management and contracting services.

      5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16 through 21 of the Complaint and otherwise refers all questions of law to the Court.

      6.    Denies the allegations in paragraph 22 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

8. Denies the allegations in paragraph 24 of the Complaint, except admits that the Note attached to the Complaint contains the language in the allegation.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

10. Denies the allegations in paragraph 26 of the Complaint and otherwise refers all questions of law to the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27 through 33 of the Complaint and otherwise refers all questions of law to the Court.

## AS TO THE FIRST CLAIM FOR RELIEF

12. Answering paragraph 34 of the Complaint, Defendant CHARYS repeats, reiterates and realleges each and every denial in paragraphs 1 through 11 of this Answer with the same force and effect as if herein set forth in full.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and 36 of the Complaint and otherwise refers all questions of law to the Court.

14. Denies the allegations in paragraph 37 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 through 40 of the Complaint and otherwise refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

16. The account stated between the plaintiff and CHARYS, as alleged in the Complaint, was not correct or accurate.

## SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint fails to include both necessary and indispensable parties. Because complete relief cannot be granted without such parties, the Complaint should be dismissed, or the action stayed by the Court pending other appropriate relief by the Court.

## THIRD AFFIRMATIVE DEFENSE

18. Plaintiff failed to mitigate his damages, if any, and plaintiff is therefore barred from recovering damages from Defendants.

## FOURTH AFFIRMATIVE DEFENSE

19. The allegations in the Complaint are barred by the doctrine of laches, estoppel and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

20. The damages claimed by plaintiff should be reduced by any amount(s) that has or will be replaced or indemnified in whole or in part from a collateral source.

WHEREFORE, Defendant CHARYS HOLDING COMPANY, INC. demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability as aforementioned, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 20, 2007

CONDON & FORSYTH LLP

By _____
Stephen J. Fearon (SF 8740)
Bartholomew J. Banino (BB 4164)
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100

Attorneys for Defendant
CHARYS HOLDING COMPANY, INC.

TO: Andrew B. Kratenstein, Esq.
Michael R. Huttenlocher, Jr.
McDERMOTT, WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

Attorneys for Plaintiff
CASTLERIGG MASTER INVESTMENTS LTD.

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Samia Flecha, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Weehawken, New Jersey. That on the 20th day of December, 2007 deponent served the within **ANSWER TO COMPLAINT** upon:

Andrew B. Kratenstein, Esq.
Michael R. Huttenlocher, Jr.
McDERMOTT, WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

Attorneys for Plaintiff
CASTLERIGG MASTER INVESTMENTS LTD.

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Samia Flecha

Sworn to before me this
20th day of December, 2007

Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010