# EXHIBIT 1 – Part C

(h)   <u>No Third Party Beneficiaries</u>.  This Agreement is intended for the benefit of the parties hereto and their respective permitted successors and assigns, and is not for the benefit of, nor may any provision hereof be enforced by, any other Person.

(i)   <u>Survival</u>.  The representations and warranties of the Company and the Investors contained in Sections 2 and 3 shall survive the Closing and the agreements and covenants set forth in Sections 4, 5 and 8 shall survive the Closing.  Each Investor shall be responsible only for its own representations, warranties, agreements and covenants hereunder.

(j)   <u>Further Assurances</u>.  Each party shall do and perform, or cause to be done and performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, instruments and documents, as any other party may reasonably request in order to carry out the intent and accomplish the purposes of this Agreement and the consummation of the transactions contemplated hereby.

(k)   <u>Indemnification</u>.  In consideration of each Investor's execution and delivery of the Transaction Documents and acquiring the Securities thereunder and in addition to all of the Company's other obligations under the Transaction Documents, the Company shall defend, protect, indemnify and hold harmless each Investor and each affiliate of a Investor that holds Notes or Default Warrants and all of their stockholders, partners, members, officers, directors, employees and direct or indirect investors and any of the foregoing Persons' agents or other representatives (including, without limitation, those retained in connection with the transactions contemplated by this Agreement) (collectively, the "**Indemnitees**") from and against any and all actions, causes of action, suits, claims, losses, costs, penalties, fees, liabilities and damages, and expenses in connection therewith (irrespective of whether any such Indemnitee is a party to the action for which indemnification hereunder is sought), and including reasonable attorneys' fees and disbursements (the "**Indemnified Liabilities**"), incurred by any Indemnitee as a result of, or arising out of, or relating to (a) any misrepresentation or breach of any representation or warranty made by the Company in the Transaction Documents, (b) any breach of any covenant, agreement or obligation of the Company contained in the Transaction Documents or (c) any cause of action, suit or claim brought or made against such Indemnitee by a third party (including for these purposes a derivative action brought on behalf of the Company) and arising out of or resulting from (i) the execution, delivery, performance or enforcement of the Transaction Documents or any other certificate, instrument or document contemplated hereby or thereby, (ii) any transaction financed or to be financed in whole or in part, directly or indirectly, with the proceeds of the issuance of the Securities, (iii) any disclosure made by such Investor pursuant to Section 4(i), or (iv) the status of such Investor or holder of the Securities as an investor in the Company pursuant to the transactions contemplated by the Transaction Documents; *provided*, that no Investor shall be entitled to indemnification to the extent any of the foregoing is caused by its gross negligence or willful misconduct. To the extent that the foregoing undertaking by the Company may be unenforceable for any reason, the Company shall make the maximum contribution to the payment and satisfaction of each of the Indemnified Liabilities which is permissible under applicable law. Except as otherwise set forth herein, the mechanics and procedures with respect to the rights and obligations under this Section 9(k) shall be the same as those set forth in Section 6 of the Registration Rights Agreement.

(l)   <u>No Strict Construction</u>.  The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against any party.

(m)   <u>Remedies</u>.  Each Investor and each affiliate of a Investor that holds Notes or Default Warrants shall have all rights and remedies set forth in the Transaction Documents and all rights and remedies which such holders have been granted at any time under any other agreement or contract and all of the rights which such holders have under any law. Any Person having any rights under any provision of this Agreement shall be entitled to enforce such rights specifically (without posting a bond or other security), to recover damages by reason of any breach of any provision of this Agreement and to exercise all other rights granted by law.  Furthermore, the Company recognizes that in the event that it fails to perform, observe, or discharge any or all of its obligations under the Transaction Documents, any remedy at law may prove to be inadequate relief to the Investors. The Company therefore agrees that the Investors shall be entitled to seek temporary and permanent injunctive relief in any such case without the necessity of proving actual damages and without posting a bond or other security.

- 20 -

(n)    Rescission and Withdrawal Right.  Notwithstanding anything to the contrary contained in (and without limiting any similar provisions of) the Transaction Documents, whenever any Investor exercises a right, election, demand or option under a Transaction Document and the Company does not timely perform its related obligations within the periods therein provided, then such Investor may rescind or withdraw, in its sole discretion from time to time upon written notice to the Company, any relevant notice, demand or election in whole or in part without prejudice to its future actions and rights.

(o)    Payment Set Aside.  To the extent that the Company makes a payment or payments to the Investors hereunder or pursuant to any of the other Transaction Documents or the Investors enforce or exercise their rights hereunder or thereunder, and such payment or payments or the proceeds of such enforcement or exercise or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside, recovered from, disgorged by or are required to be refunded, repaid or otherwise restored to the Company, a trustee, receiver or any other Person under any law (including, without limitation, any bankruptcy law, foreign, state or federal law, common law or equitable cause of action), then to the extent of any such restoration the obligation or part thereof originally intended to be satisfied shall be revived and continued in full force and effect as if such payment had not been made or such enforcement or setoff had not occurred.

(p)    Independent Nature of Investors' Obligations and Rights.  The obligations of each Investor under any Transaction Document are several and not joint with the obligations of any other Investor, and no Investor shall be responsible in any way for the performance of the obligations of any other Investor under any Transaction Document. Nothing contained herein or in any other Transaction Document, and no action taken by any Investor pursuant hereto or thereto, shall be deemed to constitute the Investors as a partnership, an association, a joint venture or any other kind of entity, or create a presumption that the Investors are in any way acting in concert or as a group with respect to such obligations or the transactions contemplated by the Transaction Documents and the Company acknowledges that the Investors are not acting in concert or as a group with respect to such obligations or the transactions contemplated by the Transaction Documents. Each Investor confirms that it has independently participated in the negotiation of the transaction contemplated hereby with the advice of its own counsel and advisors.  Each Investor shall be entitled to independently protect and enforce its rights, including, without limitation, the rights arising out of this Agreement or out of any other Transaction Documents, and it shall not be necessary for any other Investor to be joined as an additional party in any proceeding for such purpose.

(q)    Exculpation Among Investors.  Each Investor acknowledges that it is not relying upon any Person (including, without limitation, any other Investor), other than the Company and its officers and directors (acting in their capacity as representatives of the Company), in deciding to invest and in making its investment in the Company.  Each Investor agrees that no other Investor nor the respective controlling Persons, officers, directors, partners, members, shareholders, agents or employees of any other Investor shall be liable to such Investor for any losses incurred by such Investor in connection with its investment in the Company.

(r)    Controlling Agreement.  In the event of any conflict between the provisions of this Agreement and any of the other Transaction Documents, the terms of this Agreement shall control.

**[Signature Page Follows]**

- 21 -

NYK 1100123-1.075266.0020

**IN WITNESS WHEREOF,** each Investor and the Company have caused their respective signature page to this Securities Purchase Agreement to be duly executed as of the date first written above.

**COMPANY:**

**CHARYS HOLDING COMPANY, INC.**

By _____

   Billy V. Ray, Jr., Chief Executive Officer

**BUYERS:**

**GOTTBETTER CAPITAL MASTER, LTD.**

By_____

   Adam S. Gottbetter, Director

**CASTLERIGG MASTER INVESTMENTS LTD.**

By_____

   _____, _____

**UBS O'CONNOR LLC F/B/O O'CONNOR PIPES CORPORATE STRATEGIES MASTER LTD.**

By_____

   _____, _____

- 22 -

IN WITNESS WHEREOF, each Investor and the Company have caused their respective signature page to this Securities Purchase Agreement to be duly executed as of the date first written above.

COMPANY:

CHARYS HOLDING COMPANY, INC.

By _____
   Billy V. Ray, Jr., Chief Executive Officer

BUYERS:

GOTTBETTER CAPITAL MASTER, LTD.

By _____
   Adam S. Gottbetter, Director

CASTLERIGG MASTER INVESTMENTS LTD.


By _____
   _____, _____

UBS O'CONNOR LLC F/B/O O'CONNOR PIPES CORPORATE STRATEGIES MASTER LTD.


By _____
   _____, _____

- 22 -

**IN WITNESS WHEREOF**, each Investor and the Company have caused their respective signature page to this Securities Purchase Agreement to be duly executed as of the date first written above.

**COMPANY:**

**CHARYS HOLDING COMPANY, INC.**

By_____
    Billy V. Ray, Jr., Chief Executive Officer

**BUYERS:**

**GOTTBETTER CAPITAL MASTER, LTD.**

By_____
    Adam S. Gottbetter, Director

**CASTLERIGG MASTER INVESTMENTS LTD.**
**BY: SANDELL ASSET MANAGEMENT CORP.**

By_____
    TIMOTHY O'BRIEN, CHIEF FINANCIAL OFFICER

**UBS O'CONNOR LLC F/B/O O'CONNOR PIPES CORPORATE STRATEGIES MASTER LTD.**

By_____
    _____, _____

- 22 -

IN WITNESS WHEREOF, each Investor and the Company have caused their respective signature page to this Securities Purchase Agreement to be duly executed as of the date first written above.

COMPANY:

CHARYS HOLDING COMPANY, INC.

By _____
    Billy V. Ray, Jr., Chief Executive Officer

BUYERS:

GOTTBETTER CAPITAL MASTER, LTD.

By _____
    Adam S. Gottbetter, Director

CASTLERIGG MASTER INVESTMENTS LTD.

By _____
   _____, _____

UBS O'CONNOR LLC F/B/O O'CONNOR PIPES CORPORATE STRATEGIES MASTER LTD.

By _____
    Jeffrey F. Putnam III, Executive Director

- 22 -