UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

CASTLERIGG MASTER INVESTMENTS       :
LTD.,

          Plaintiff,                :

    -against-                       :          Civ. No. 07-cv-9742 (GEL)(DCF)

CHARYS HOLDING COMPANY, INC.,       :

        Defendant.              :

------------------------------------- X


# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**McDermott Will & Emery LLP**
Andrew B. Kratenstein
Michael R. Huttenlocher
340 Madison Avenue
New York, New York 10173
(212) 547-5400

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT ....................................................................................................... 6

I.      SUMMARY JUDGMENT STANDARD ................................................. 6

II.     CASTLERIGG IS ENTITLED TO SUMMARY JUDGMENT AWARDING IT
        ALL OF ITS CONTRACTUAL REMEDIES. ....................................... 7

CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page(s)**

*Agosto v. Correctional Officers Benevolent Associate*, 107 F. Supp. 2d 294
    (S.D.N.Y. 2000)............................................................................................................5

*Alpha Capital Aktiengesllschaft v. Advanced Viral Research Corp.*, 02cv10237 (GBD),
    2003 U.S. Dist. LEXIS 2077 (S.D.N.Y. Feb. 11, 2003)....................................10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).........................................................6

*Bobrow Palumbro Sales, Inc v. Broan-Nutrone, LLC*, 04 cv 5334 (DRH),
    2007 U.S. Dist. LEXIS 250 (S.D.N.Y. Jan. 4, 2007)........................................5

*Castle Creek Tech. Pts. v. Cellpoint Inc.*, No. 02 Civ. 6662 (GEL),
    2002 U.S. Dist. LEXIS 23760 (S.D.N.Y. Dec. 9, 2002) ....................................10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)......................6

*Connecticut National Bank v. Trans World Airlines*, 762 F. Supp. 76 (S.D.N.Y. 1991) ...............6

*Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97 (2d Cir. 1981).................6

*Faulkner v. Verizon Commc'ns*, 189 F. Supp. 2d 161 (S.D.N.Y. 2002).........................................8

*Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9 (2d Cir. 1986) ......................................................6

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991).........................................................8

*La Mirada Products Co., Inc. v. Wassall PLC*, 823 F. Supp. 138 (S.D.N.Y. 1993) ......................9

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1985).........................6

*Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994)............................................7

*Ticor Title Insurance Co. v. Cohen*, 173 F.3d 63 (2d Cir. 1999)...............................................10

*Travellers Inern. AG v. Trans World Airlines, Inc.*, 722 F. Supp. 1087 (S.D.N.Y. 1989) ...............9

## STATE CASES

*Chimart Associate v. Paul*, 66 N.Y.2d 570 (1986) .......................................................................7

*R/S Associates v. New York Job Development Authority*, 98 N.Y.2d 29 (2002) ..............................7

*Reiss v. Finance Performance Corp.*, 97 N.Y. 195 (2001)...............................................................7

**FEDERAL STATUTES**

Fed. R. Civ. P. 56(c) ...........................................................................................................6

Plaintiff Castlerigg Master Investments, Ltd. ("Castlerigg"), pursuant to Federal Rule of

Civil Procedure 56, by its undersigned attorneys McDermott Will & Emery, LLP, hereby

submits the following Memorandum of Law in Support of its Motion for Summary Judgment.

The Declaration of Matthew Pliskin, dated January 11, 2008 ("Pliskin Decl."), and Statement of

Material Facts in Support of Plaintiff's Motion for Summary Judgment is submitted herewith in

support of this motion.

## PRELIMINARY STATEMENT

This is an action for breach of contract. In April of 2007, Castlerigg and Defendant

Charys Holding Company, Inc. ("Charys") and certain other investors (the "Other Investors")

signed a Securities Exchange Agreement ("SEA") whereby Castlerigg exchanged certain

preferred Charys stock for a subordinated unsecured convertible note with a principal value of

$5,012,426 (the "Note"). Under the Note, Charys was obligated to pay down the Note in full by

May 2008 through a series of installment payments. Charys failed to make the installment

payment due on September 1, 2007, and has not made an installment payment since, thereby

defaulting on the Note.

As a result, Castlerigg exercised its contractual rights to redeem the Note in full at a

120% premium. Charys has failed to redeem the Note and to issue certain warrants that

Castlerigg was also entitled to receive as a result of Charys's default. Accordingly, Castlerigg

brought this action to require Charys to comply with its contractual obligations.

Three days after Charys filed its Complaint, Charys filed with Securities and Exchange

Commission ("SEC") a Form 10-KSB ("Form 10-KSB") in which Charys admitted that it is in

default.[1] Charys further admitted in its Form 10-KSB that it defaulted on a note issued to one of

the Other Investors on July 13, 2007 and that a default under one note qualifies as a default under

all of the notes. Accordingly, Charys cannot genuinely contest that it is liable for all of the relief

requested by Castlerigg in this action and that summary judgment is appropriate at this time.

## STATEMENT OF FACTS

### The Note

On or about April 30, 2007, Charys, Castlerigg, and the Other Investors entered into the

SEA, whereby Castlerigg exchanged preferred Charys stock for the Note, which was in the face

amount of $5,012,426.[2] (Pliskin Decl. ¶¶ 1, 2.)

The Note, in relevant part, states:

> **FOR VALUE RECEIVED**, Charys Holding Company, Inc., a
> Delaware corporation (the "**Company**"), hereby promises to pay to
> the order of CASTLERIGG MASTER INVESTMENTS LTD. or
> registered assigns ("**Holder**") the amount set out above as the
> Principal (as reduced pursuant to the terms hereof pursuant to
> redemption, conversion or otherwise, the "**Principal**") when due,
> whether upon the Maturity Date (as defined below), on any
> Installment Date with respect to the Installment Amount due on
> such Installment Date (each, as defined herein), acceleration,
> redemption or otherwise (in each case in accordance with the terms
> hereof) and to pay interest ("**Interest**") on any outstanding
> Principal at a rate equal to 8.75% per annum (the "**Interest Rate**"),
> from the date set out above as the Issuance Date (the "**Issuance
> Date**") until the same becomes due and payable, whether upon any
> Installment Date or, the Maturity Date, acceleration, conversion,
> redemption or otherwise (in each case in accordance with the terms
> hereof).

(Pliskin Decl. Ex. 2 at 1.) (Emphasis in original.)

---

[1] Although Charys admitted its default in its SEC filings, Charys's Answer to the Complaint in this matter curiously
claimed a lack of knowledge or information sufficient to form a belief as to almost every single allegation in the
Complaint raised by Castlerigg.

[2] A true and complete copies of the SEA, excluding the annexed exhibits, and the Note are attached to the Pliskin
Declaration as Exhibits 1 and 2, respectively.

Under the terms of the Note, Charys was obligated to make a series of installment

payments between May of 2007 and May of 2008 in order to pay off the Note in full (the

"Installment Payments").  (Pliskin Decl. ¶ 6; Ex. 2 § 27(o), Ex. II.)  These payments were to be

in various amounts and made on a series of agreed upon installment dates (the "Installment

Dates").  (*Id.*)

The Installment Date is defined under Section 27(o) of the Note as "May 15, 2007 and

the first calendar day of July 2007 and each subsequent calendar month through May 1, 2008,

and any other Installment Date scheduled by the Holder in connection with a Deferral Amount

pursuant to Section 8(b) hereof."  (*Id.*)  Attached to the Note as Exhibit II is a schedule of the

Installment Dates and the corresponding amount due and payable on each respective Installment

Date.  (*Id.*)

Charys's failure to make any of the Installment Payments qualifies as an "Event of

Default" under the Note.  (*Id.* Ex. 2 § 4(a).)  Specifically, Section 4(a)(v) of the Note provides, in

pertinent part:

> [Charys's] failure to pay to [Castlerigg] any amount of Principal,
> Interest, Late Charges or other amounts when and as due under this
> Note (including, without limitation, the Company's failure to pay
> any redemption payments or amounts here under) or any other
> Transaction Document (as defined in the Securities Exchange
> Agreement) or any other agreement, document, certificate or other
> instrument delivered in connection with the transactions
> contemplated hereby and thereby to which [Castlerigg] is a party,
> except, in the case of a failure to pay Interest and Late Charges
> when and as due, in which case only if such failure continues for a
> period of at least five (5) Business Days.

(*Id.* Ex. 2 § 4(a)(v).)

Moreover, a default under a note issued to any Other Investor triggers a default under the

Note issued to Castlerigg.  Specifically, Section 4(a)(xi) of the Note provides that an Event of

Default occurs when "[a]ny Event of Default (as defined in the Other Notes) occurs with respect to any Other Notes." (*Id.* Ex. 2 § 4(a)(xi).)

### Charys Defaults on the Note

On September 1, 2007, Charys was obligated to make an Installment Payment on the Note in an amount of $435,708.04. (Pliskin Decl. ¶ 16, Ex. 2 at Ex. II.) Charys failed to make this payment. (Pliskin Decl. ¶ 16.) Charys's failure to make the September 1, 2007 Installment Payment qualifies as an "Event of Default" under the express terms of Section 4(a)(v) of the Note and triggered certain of Castlerigg's rights under the Note. (*Id.* ¶ 17, Ex. 2 § 4(a)(v).)

Due to this Event of Default, Castlerigg had the option to redeem the Note by delivering to the Company an "Event of Default Redemption Notice." (*Id.* ¶ 12, Ex. 2 § 4(b).) On September 28, 2007, Castlerigg sent Charys an Event of Default Redemption Notice, by facsimile and overnight courier, requiring Charys to redeem the Note for the full amount remaining on the Note – $4,937,244.00 – at the Event of Default Redemption Price. (*Id.* Ex. 3.)

The Event of Default Redemption Price is calculated according to a formula contained in Section 4(b) of the Note. (Pliskin Decl. ¶ 13, Ex. 2 § 4(b).) As of the close of business on February 1, 2008 – the date on which Castlerigg's motion for summary judgment will be fully briefed – the Event of Default Redemption Price, including accrued interest, accrued late charges and the redemption premium, will be equal to $5,417,432. (Pliskin Decl. ¶ 26.)

### Charys Admits Its Default

On November 5, 2007 – four days after Castlerigg filed its Complaint – Charys filed its Form 10-KSB with the SEC. (Pliskin Decl. ¶ 22, Ex. 4.) In its Form 10-KSB, Charys not only admitted its default under the Note, but also that it (1) defaulted on a note issued to one of the other investors on July 13, 2007 and (2) a default under one note qualifies as an Event of Default