UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CASTLERIGG MASTER INVESTMENTS LTD.,   :
                                      :
                                      :
                   Plaintiff,         :     Civil Action No.
                                      :     07-CV-09742 (GEL)(DCF)
              v.                      :
                                      :
CHARYS HOLDING COMPANY, INC.,         :
                                      :
                   Defendant.         :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT CHARYS HOLDING COMPANY, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CASTLERIGG MASTER INVESTMENTS LTD.'S MOTION FOR SUMMARY JUDGMENT**

## **PRELIMINARY STATEMENT**

Defendant CHARYS HOLDING COMPANY, INC. ("CHARYS") submits this memorandum of law in opposition to plaintiff CASTLERIGG MASTER INVESTMENTS LTD.'s ("CASTLERIGG") motion for summary judgment. The motion should be denied because Plaintiff has failed to meet its burden of showing that there is no issue of material fact. Additionally, the motion is premature.

### A.   Nature of Claim

This is an action alleging that defendant CHARYS breached the terms of a subordinated unsecured convertible note with a principal value of $5,012,426 ("Note"). *See Plaintiff's Complaint* ¶ 1.

In April of 2007, CASTLERIGG and CHARYS and certain other investors signed a Securities Exchange Agreement whereby CASTLERIGG exchanged certain preferred CHARYS stock for the Note. *See Plaintiff's Complaint* ¶ 2. Under the Note, CHARYS was obligated to pay down the Note in full by May 2008, through a series of installment payments. *See Plaintiff's Complaint* ¶ 3. Plaintiff alleges that CHARYS failed to make the installment payment due on September 1, 2007, and that CHARYS has not made an installment payment since that time. *See Plaintiff's Complaint* ¶ 4. Plaintiff alleges that CHARYS' actions constitute defaulting on the Note. *Id.*

Following the alleged default, CASTLERIGG demanded that CHARYS redeem the Note in full at a 120% premium. *See Plaintiff's Complaint* ¶ 5. CASTLERIGG alleges that CHARYS has failed to redeem the Note and to issue certain warrants that CASTLERIGG alleges it is entitled to receive as a result of CHARYS' default. *See Plaintiff's Complaint* ¶¶ 5-6. As a result, CASTLERIGG brought this action to require CHARYS to meet its demands.

B. **Summary of Defendant's Argument**

Plaintiff CASTLERIGG has moved for summary judgment as to liability and damages on the basis that there is no issue of material fact in dispute and that it is entitled to judgment as a matter of law because "the documentary evidence . . . makes clear that CASTLERIGG is entitled to summary judgment against CHARYS immediately." *Plaintiff's Memorandum of Law. at 6*. However, CASTLERIGG has failed to carry its burden on this motion because a material issue of fact exists on liability, *i.e.* whether CASTLERIGG notified CHARYS "promptly after the occurrence" that its non-payment constituted an "Event of Default" under § 4(a) of the Note because CASTLERIGG's Event of Default Notice was not sent until September 29, 2007 following CHARYS' September 1, 2007 nonpayment. In addition, even if liability is found against CHARYS, the amount of damages has not been documented and must be determined at a hearing. Finally, discovery is still proceeding and will likely reveal more evidence relevant to the claim against CHARYS. An issue of fact exists as to the appropriate damages and, therefore, it appears necessary to conduct depositions as to the appropriate amount of damages.

## ARGUMENT

### I

### CASTLERIGG HAS FAILED TO MEET ITS BURDEN OF SHOWING AN ABSENCE OF MATERIAL FACT AND THAT IT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

In order to prevail on a motion for summary judgment, CASTLERIGG must show there is no genuine issue as to any material fact and that it is entitled to summary judgment as a matter of law on the basis of the undisputed facts. Fed. R. Civ. P. 56 (c); 11 *Moore's Federal Practice* § 56.13[1]. The Court must view all reasonable inferences drawn from the facts in the

light most favorable to CHARYS, the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-588 (1986). Here, CASTLERIGG has failed to fulfill its burden of showing (1) an absence of issues of material facts and (2) it is entitled to judgment as a matter of law.

> **A.    A Genuine Issue Of Material Fact Exists As To Whether CHARYS Was Notified Of The Alleged "Event of Default" "Promptly After The Occurrence"**

Section 4(b) of the Note provides that in order for CASTLERIGG to enforce its redemption right, CASTLERIGG must send an "Event of Default Notice" to CHARYS "promptly after the occurrence of an "Event of Default." Here, CASTLERIGG alleges that an "Event of Default" occurred under section 4(a) of the Note when CHARYS failed to make its September 1, 2007 payment. *See Plaintiff's 56.1 Statement of Material Facts* ¶ 15. However, CASTLERIGG's Event of Default Notice was not sent until nearly one month later, on September 28, 2007. As a result, a material issue of fact exists as to whether the "Event of Default Notice" was sent "promptly" after the alleged "Event of Default."

> **B.    Even If CHARYS Is Determined To Be Liable, There Is A Genuine Issue Of Material Fact As To The Correct Calculation Of Damages**

If this Court determines that there is no genuine issue of fact as to liability and there is no issue remaining except the amount of damages, then the damages issue should be determined by the factfinder pursuant to Fed. R. Civ. P. 56(d). *See Marine Midland Bank, N.A. v. The Brunswick Group, Inc.* 1985 WL 1744 at *5 (S.D.N.Y. 1985) (entering partial summary judgment on the issue of liability pursuant to Fed. R. Civ. P. 56(c)-(d) and "'reserving for future determination the calculation of the exact amount . . .'") *quoting Newmark v. R K O Gen., Inc.*, 294 F.Supp. 358, 359 n. 2 (S.D.N.Y. 1968), *aff'd on other grounds*, 425 F.2d 348 (2d Cir. 1970), *cert. denied* 400 U.S. 854; *Owens-Illinois Glass Co. v. Am. Coastal Lines, Inc.*, 222 F.Supp. 923 (S.D.N.Y. 1963)

(plaintiff granted summary judgment on issue of liability but the issues of damages was to be tried to a jury); *Danton v. Harry Winston, Inc.* 20 F.R.D. 425 (S.D.N.Y. 1957) (granting interlocutory summary judgment as to liability and allowing jury trial on damages).

CASTLERIGG states that CHARYS's default entitled it to exercise its right to redeem the Note in full (less any prior payments) at the Event of Default Redemption price. In calculating its damages, CASTLERIGG also states that the final Event of Default Redemption Price includes the outstanding principal of $4,037,560. *See Plaintiff's Memorandum of Law at p. 8.* However, CASTLERIGG has erroneously calculated the outstanding principal. It is undisputed that the original principal was $5,012,426.00. *See Pliskin Decl. ¶ 3; see also Ex.2 annexed to Pliskin Decl.* It also undisputed that CHARYS made payments to CASTLERIGG as agreed on May 15, 2007 in the amount of $300,000, on July 1, 2007 in the amount of $268,598.33 and on August 1, 2007 in the amount of $508,487.04. Subtracting these amounts from the original principal balance ($5,012,426.00) equals $3,935,340.60, rather than $4,037,560 as CASTLERIGG claims. Therefore, the final Event of Default Redemption Price, which should include the outstanding principal, accrued default interest, accrued late charges and the Redemption Premium has not been correctly calculated by CASTLERIGG. As a result, there is a material issue of fact as to damages.

In addition, although CHARYS does not dispute that CASTLERIGG is entitled to an additional seventh warrant under section 4(c) of the Note (*see Plaintiff's Memorandum of Law at p. 10*), CASTLERIGG has not accurately calculated the amount of this warrant because of the inaccurate calculation of the principal currently owed.

### C. CASTLERIGG Has Failed To Show It Is Entitled To Summary Judgment As A Matter Of Law

As a movant for summary judgment, CASTELRIGG has the burden of showing that that it is entitled to judgment as a matter of law. *See Celotex v. Catrett,* 47 U.S. 317, 322 (1986)

(summary judgment only appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case"). CASTLERIGG's fails to carry its burden where it has not established that the "Event of Default Notice" was provided promptly after the alleged "Event of Default" and where CASTLERIGG has only provided conclusory statements as to the damages owed by CHARYS in its memorandum of law, rather than accurate and supported damages documentation and calculations.

## II

### CASTLERIGG'S MOTION SHOULD BE DENIED, OR STAYED, BECAUSE CONTINUING DISCOVERY WILL LIKELY REVEAL ADDITIONAL RELEVANT EVIDENCE

Even if the Court finds that there is no material issue of fact, CHARYS respectfully submits that the motion should be denied or stayed until CHARYS has an opportunity to complete pre-trial discovery, including depositions of CASTELRIGG and the other involved investors. *See Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97-98 (2d Cir. 2000) (summary judgment reversed on appeal because party did not have the opportunity to obtain discovery and "was even precluded from taking depositions"); *see also Miller v. Wolpoff & Abrahamson, L.L.P.,* 321 F.3d 292, 303-04 (2d Cir. 2003) (pre-discovery summary judgment granted in only the rarest cases). More specifically, based upon plaintiff's motion and the discrepancies in damages stated therein, it appears necessary to conduct depositions on the issue of damages.

Therefore, defendant CHARYS respectfully requests that CASTLERIGG's motion be denied because depositions and discovery have not yet been completed and the record created thus far may be insufficient for the proper determination of a motion for summary judgment.

## **CONCLUSION**

For the above reasons, defendant CHARYS HOLDING COMPANY, INC. respectfully requests that plaintiff CASTLERIGG MASTER INVESTMENTS LTD.'s motion for summary judgment be denied in all respects or, in the alternative, that it be stayed pending completion of discovery.

Dated:  New York, New York
        January 25, 2008

                                    CONDON & FORSYTH LLP

                                    By: _____
                                        Stephen J. Fearon - SF 8740
                                        Bartholomew J. Banino – BB 4164
                                    Partners of the Firm
                                    7 Times Square
                                    New York, NY 10036
                                    (212) 894-6700

                                    Attorneys for Defendant
                                    CHARYS HOLDING COMPANY, INC.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Jennifer B. Jacobson, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. That on the 25th day of January 2008 deponent served the within **MEMORANDUM OF LAW IN OPPOSITION** upon:

Andrew B. Kratenstein, Esq.
Michael R. Huttenlocher, Esq.
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400

At the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Jennifer B. Jacobson

Sworn to before me this
25th day of January 2008

Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 20__