UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
CASLTERIGG MASTER INVESTMENTS                               :
LTD.,                                                       :
                                                            :
                        Plaintiff,                          :
                                                            :   07 Civ. 9742 (GEL)
        -against-                                           :
                                                            :   **OPINION AND ORDER**
CHARYS HOLDING COMPANY, INC.,                               :
                                                            :
                        Defendant.                          :
------------------------------------------------------------x

Andrew B. Kratenstein and Michael R.
Huttenlocher, McDermott Will & Emery LLP,
New York, NY, for plaintiff.

Stephen J. Fearon and Bartholomew J. Banino,
Condon & Forsyth LLP, for defendant.

GERARD E. LYNCH, District Judge:

  Castlerigg Master Investments Ltd. ("Castlerigg") brings this pre-discovery motion for summary judgment against Charys Holding Company, Inc., ("Charys") for breach of contract. The motion will be granted.

  Around April 30, 2007, Charys, Castlerigg, and others entered into a securities exchange agreement whereby Charys gave Castlerigg a note in consideration for certain securities. (D. Rule 56.1 Resp. ¶¶ 1-2.) Charys was to pay down the note's principal and interest in installments according to a particular schedule. (Id. ¶¶ 3-4.) Failure to pay the installments on this note or related notes would constitute a default. (Id. ¶¶ 12-13.) In the event of default, Charys would be obligated to issue to Castlerigg certain warrants for common stock (id. ¶¶ 7-8), Castlerigg would be entitled to certain "late charges" (id. ¶ 9), and the interest rate on the

outstanding principal balance would increase (id. ¶¶ 3, 6). If Charys remained in default, Castlerigg could redeem the note by delivering a redemption notice to Charys. (Id. ¶ 10.)

On September 1, 2007, Charys failed to make a scheduled installment payment. (Id. ¶ 14.) On September 28, 2007, Castlerigg sent Charys a redemption notice. (Id. ¶¶ 16-17.) Since that time, Charys has not made an installment payment to Castlerigg. (Id. ¶ 18.) Further, Charys admitted in a November 5, 2007, filing with the SEC that they defaulted on the note. (Id. ¶ 23; Declaration of Matthew Pliskin, dated Jan. 11, 2008, Ex. 4 at 22, F-30.)

Although Charys admits that it is in default, it nonetheless raises three objections to Castlerigg's motion for summary judgment. First, Charys contends that Castlerigg did not "promptly" send the redemption notice, even though it was sent within four weeks of Charys's failure to pay the September 1, 2007, installment. Charys provides no reason why such timing is not prompt notice as a matter of law. Charys does not even attempt to demonstrate how it could have suffered any prejudice from the timing of the redemption notice's delivery – after all, Charys knew just as well as (if not better than) Castlerigg that it was in default. In any event, however, whether Castlerigg sent the redemption notice promptly is irrelevant and thus presents no "material issue of fact" that would preclude summary judgment. The section of the note cited by Charys in support of this argument requires *Charys* to give prompt notice to Castlerigg of any default, and permits Castlerigg to require redemption "at any time" after becoming aware of the default. (Pliskin Decl. Ex. 2 § 4(b).) Charys's argument is frivolous and based on a misreading of the plain text of the note.

Second, Charys claims that Castlerigg's calculation of the outstanding principal due on the note at the time of default is incorrect, thereby creating a "material issue of fact as to the

correct calculation of damages." However, resolution of this dispute requires the Court to interpret the language of the parties' agreement and to make basic mathematical calculations, not to make findings regarding disputed factual issues. This argument therefore raises only a legal issue that can be resolved on summary judgment. Neither side disputes the amount of the original principal on the note ($5,012,426) or Charys's payments to Castlerigg ($300,000 on May 15, 2007, $268,598.33 on July 1, 2007, and $508,487.04 on August 1, 2007). Charys contends that the outstanding principal at the time of default was the difference between the original principal and the sum of Charys's installment payments, or approximately $3,935,341. Castlerigg calculates the outstanding principal to be $102,220 more than Charys's calculation, noting that interest began accruing on the note immediately upon its issuance (see Pliskin Decl. Ex. 2 § 2), that Charys was obligated to pay back both the interest and the principal (id. Ex. II), and that, per the agreement of the parties, $102,220 of the August 1, 2007, payment was applied to the interest that had been accruing on the note. (See Reply Declaration of Matthew Pliskin, dated Feb. 1, 2008, ¶ 2, Ex. 1.) The difference in the parties' calculation is based on Charys's erroneous belief that all of the August 1, 2007, payment was to be applied to the outstanding principal. Castlerigg thus correctly calculates that, after the August 1, 2007, installment payment, the outstanding principal on the note was $4,037,560.

Third, Charys claims that it needs discovery, and notes the general rule that pre-discovery summary judgment is disfavored. See, e.g., Miller v. Wolpoff & Abrahamson, L.L.P., 321 F.3d 292, 303-04 (2d Cir. 2003), quoting Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). But of course, this rule admits of exceptions, and "summary judgment may be granted notwithstanding the absence of discovery." Wells Fargo Bank Northwest, N.A. v. Taca

Int'l Airlines, S.A., 247 F. Supp. 2d 352, 360 (S.D.N.Y. 2002) (internal citations omitted).  In deciding whether to grant summary judgment in the absence of discovery, a court must consider:

> (1) whether the lack of discovery was in any way due to fault or delay on the part of the nonmovant; (2) whether the nonmovant filed a sufficient Rule 56(f) affidavit . . . and (3) whether the nonmovant provided any basis for its belief that further discovery would alter the outcome of the summary judgment motion.

Id., citing Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) and Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995).  Neither party has suggested that the lack of discovery is due to any fault or delay on the part of Charys.  Even still, Charys must provide the Court with some reason to think that postponing resolution of the summary judgment pending discovery serves any purpose other than delay.  Charys has not done so.

The proper way to oppose a motion for summary judgment based on the need for further discovery is set forth in Rule 56(f), Fed. R. Civ. P.  See Miller, 321 F.3d at 303, citing Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 386 (2d Cir. 2001). Rule 56(f) gives the court discretion to deny or defer an otherwise supported motion for summary judgment to allow for further discovery if the nonmoving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment.  Under the rule, the affidavit must explain: "'(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort . . . has [been] made to obtain them, and (4) why [those efforts have been] unsuccessful.'"  Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999), quoting Meloff, 51 F.3d at 375; see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1138

(2d Cir. 1994); Valley Nat. Bank v. Greenwich Ins. Co., 254 F. Supp. 2d 448, 454 (S.D.N.Y. 2003).

Charys does not even try to meet the requirements of the rule. Not only has it failed so much as to file a Rule 56(f) affidavit, but even in its briefing of the summary judgment motion Charys says nothing about what discovery it needs or why, simply asserting that discovery will surely turn up some facts that may give it a defense. However, Charys has not provided any basis for its belief that further discovery would alter the outcome of this motion. Charys admits that it is in default, and all that remains to be done is to calculate the damages owed to Castlerigg according to the formula agreed to by the parties.

Castlerigg also moves for attorneys' fees pursuant to the agreement of the parties (Pliskin Decl. Ex. 1 ¶ 8(k)), noting that, as of the time of its reply memorandum, it has incurred $64,343.11 in attorneys' fees and costs. Charys has not provided any reason why Castlerigg is not entitled to this contractual remedy.

For the foregoing reasons, Castlerigg is entitled to summary judgment against Charys in all respects and will be awarded attorneys' fees. Accordingly, Castlerigg's motion for summary judgment is granted. Castlerigg is directed promptly to submit a proposed judgment consistent with this order.

SO ORDERED.

Dated: New York, New York
       February 19, 2008

                                              _____
                                              GERARD E. LYNCH
                                              United States District Judge

5